**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: 858-847-6700
FACSIMILE: 858-792-6773

VICTOR A. VILAPLANA CA BAR NO. 058535
 VAVILAPLANA@FOLEY.COM
MATTHEW J. RIOPELLE CA BAR NO. 260176
 MRIOPELLE@FOLEY.COM

ATTORNEYS FOR DEBTOR,
SR REAL ESTATE HOLDINGS, LLC

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SR REAL ESTATE HOLDINGS, LLC,<br><br>Debtor. | CASE NO. 13-09784-CL11 |
| SR REAL ESTATE HOLDINGS, LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>DACA 2010L, L.P.; SARGENT RANCH MANAGEMENT COMPANY, LLC; DEBRA GERWETZ; JAMES SCHREADER; GUNILLA M. RITTENHOUSE; LOUIS E. RITTENHOUSE; LOS AMIGOS V; MICHAEL E. PEGLER; JANICE L. PEGLER; RICHARD EHRANBERGER; RONALD P. ELVIDGE; PENELOPE KUYKENDALL; AND DOES 1 THROUGH 50;<br><br>DEFENDANT. | ADV. PROC. NO. ____<br><br>**COMPLAINT FOR INJUNCTION**<br><br>JUDGE:   HON. CHRISTOPHER B. LATHAM<br>DEPT:    5 |

Plaintiff, SR Real Estate Holdings, LLC, debtor and debtor-in-possession (the "Debtor" or "Plaintiff") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through its undersigned counsel, for its Complaint for Injunctive Relief against the above-captioned defendants ("Defendants"), states as follows:

///

## NATURE OF THE CASE

1. By this action, Plaintiff seeks, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and in accordance with Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure, issuance of a preliminary injunction equivalent in scope and effect to the automatic stay pursuant to section 362(a) of the Bankruptcy Code prohibiting the Defendants from taking any action against property of the estate.  Without the protection of a preliminary injunction, the Debtor, its estate, and its creditors will suffer real, substantial, and irreparable harm.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28 of the United States Code ("Title 28").

3. This proceeding is a core proceeding pursuant to sections 157(b)(2) (A) and (O) of Title 28.

4. Venue in this Court is proper pursuant to sections 1408 and 1409 of Title 28.

5. The Debtor consents, to the extent such consent is necessary, to the entry of final orders and judgments by this Court on the core matters and on non-core matters, if any.

## PARTIES

6. Plaintiff, SR Real Estate Holdings, LLC, debtor and debtor-in-possession in the above-captioned bankruptcy case, is a California limited liability company with its principal place of business in Palo Alto, California.

7. Defendant DACA 2010L, L.P. is a California limited partnership with its principal place of business in San Diego, California ("DACA 2010L").

8. Defendant Sargent Ranch Management Company, LLC is a California limited liability company with its principal place of business in San Diego, California ("SRMC," together with DACA 2010L, "DACA").

///

///

///

4838-4758-4536.1

9. On information and belief, Defendant Debra Gerwetz is an individual who resides in California and is subject to this Court's jurisdiction ("Gerwetz").[1]

10. On information and belief, James Schreader is an individual who resides in California and is subject to this Court's jurisdiction ("Schreader").

11. On information and belief, Gunilla M. Rittenhouse is an individual who resides in California and is subject to this Court's jurisdiction ("G. Rittenhouse").

12. On information and belief, Louis E. Rittenhouse is an individual who resides in California and is subject to this Court's jurisdiction ("L. Rittenhouse").

13. On information and belief, Los Amigos V is a partnership and its state or incorporation or business are unknown ("Los Amigos").  On information and belief, Los Amigos is subject to this Court's jurisdiction.

14. On information and belief, Michael E. Pegler is an individual who resides in California and is subject to this Court's jurisdiction ("M. Pegler").

15. On information and belief, Janice L. Pegler is an individual who resides in California and is subject to this Court's jurisdiction ("J. Pegler").

16. On information and belief, Richard Ehranberger is an individual who resides in California and is subject to this Court's jurisdiction ("Ehranberger").

17. On information and belief, Ronald P. Elvidge is an individual who resides in California and is subject to this Court's jurisdiction ("Elvidge").

18. On information and belief, Penelope Kuykendall is an individual who resides in California and is subject to this Court's jurisdiction ("Kuykendall," together with Gerwetz, Schreader, G. Rittenhouse, L. Rittenhouse, Los Amigos, M. Pegler, J. Pegler, Ehranberger, and Elvidge, the "FPLs", together with DACA, the "Defendants").

---

[1] The spelling of various defendants' names has differed in various papers filed with this Court in the Bankruptcy Case (*compare* Bankruptcy Rule 2019 Statement of First Priority Lenders ("Rule 2019 Statement") [Dkt. No. 104] *with* Majority Action Affidavit, Exhibit A to Rule 2019 Statement ("MAA #2") [Dkt. No. 104-1]).  In this Complaint, the Debtor uses the spellings used in the MAA #2, which was signed under penalty of perjury.

3

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**A.      The Property, the Loans, and the Plan.**

19.    The Debtor's property consists of approximately 6,400 acres of raw land straddling Santa Cruz and Santa Clara counties (the "Property").

20.    The Property is a unique piece of land with a variety of valuable resources and potential uses.

21.    The Property is the Debtor's primary asset and it is critical to the Debtor's reorganization.

22.    The Property is encumbered by a first priority deed of trust (the "1st TD") securing the repayment of a principal obligation of $25 million and a second priority deed of trust (the "2nd TD") securing the repayment of a principal obligation of $15 million.  The Movants own approximately 57% in amount of the 1st TD.

23.    The Debtor is informed and believes that DACA or its affiliate is the owner of certain interests in the 2nd TD.  *See* Claim No. 3, Buteo Rosso, LLC (listing SRMC as name and address for notices and filed by DACA's counsel).

24.    On information and belief, together, the Defendants constitute less than 20% of the aggregate number of creditors in this case and less than 20% of the aggregate amount of debt that will be resolved through the Debtor's successful reorganization.

25.    The Debtor has made substantial progress in formulating a confirmable plan of reorganization (the "Plan").

26.    The Debtor has secured a commitment from Sycamore Development Inc. to provide an equity infusion in an amount sufficient to fund the Debtor's reorganization and revitalization of the Property.

27.    The capital infusion through the Plan will be sufficient to facilitate the creation of a feasible and executable business plan and the eventual generation of cash flow from the Property.

28.    The Property is necessary to the Debtor's Plan.

29.    Without an injunction to prevent a foreclosure of the Property, the Debtor and its

4838-4758-4536.1

1  creditors will be irreparably harmed.

     **B.**    **The RFS Motion.**

30. DACA filed a motion for relief from stay (the "<u>RFS Motion</u>") on October 7, 2013. The FPLs, by way of a single joinder, joined in the RFS Motion and DACA's Motion to Dismiss (defined below) on October 24, 2013.

31. The RFS Motion failed to name as respondents all parties required by the Local Rules. Notwithstanding procedural deficiency, the RFS Motion was fully briefed and argued before Judge Bowie on November 4, 2013.

32. At the conclusion of the hearing, Judge Bowie took the RFS Motion under submission and did not rule on it prior to transferring the Bankruptcy Case to the Honorable Christopher B. Latham on January 9, 2014.

33. At no time did the Defendants request confirmation that the November 4th hearing was a preliminary or final hearing. In addition, Defendants never requested a ruling from Judge Bowie within the time period under 11 U.S.C. §362(e).

34. Moreover, the Movant's RFS Motion was inextricably intertwined with the Movant's Motion To Dismiss Chapter 11 Case With Prejudice, To Find That The Debtor Is A Single Asset Real Estate Debtor Again Or Alternatively Grant Relief From Stay (the "<u>Motion to Dismiss</u>") [Dkt. No. 57, Bankruptcy Case]. Indeed, the RFS Motion and Motion to Dismiss were so similar, the Debtor filed an omnibus opposition to both motions [Dkt. No. 84, Bankruptcy Case].

## COUNT I

### (Injunction Pursuant to 11 U.S.C. § 105(a))

35. The Debtor repeats and realleges the allegations contained in all preceding paragraphs as though fully set forth herein.

36. The Property is critical to the Debtor's successful reorganization.

37. Absent injunctive relief against the Defendants equivalent in scope and effect to the automatic stay, the Debtor, its estate, and its creditors will suffer irreparable harm.

38. The Defendants will suffer only minimal harm if an injunction is not granted as

4838-4758-4536.1

5

1  Defendants will retain all rights, including their rights to assert their claims and all existing
2  voting rights.  Moreover, their right to foreclose will only be delayed provided that the Debtor
3  files a Plan and the injunction will not impact Defendants' rights under sections 362(d) of the
4  Bankruptcy Code.  Accordingly, the devastating harm to the Debtor if an injunction is not issued
5  will outweigh the minimal harm to the Defendants if an injunction is issued.
6       39.   The Debtor has made substantial progress in formulating its Plan and the Debtor's
7  successful reorganization is likely.
8       40.   The public interest will be served by the issuance of an injunction as it will
9  advance the purposes of bankruptcy and promote the Debtor's successful reorganization.
10      41.   The Debtor has no adequate remedy at law.
11      42.   Plaintiff is entitled to an injunction pursuant to 11 U.S.C. § 105(a) in equivalent
12 scope and effect as the automatic stay.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

A.   for an injunction pursuant to section 105(a) of the Bankruptcy Code and in accordance with Rule 7065 of the Bankruptcy Rules in equivalent scope and effect as the automatic stay pursuant to section 362(a) of the Bankruptcy Code against the Defendants and any action or proceeding by the Defendants against the estate's property pending further court order;

B.   for such other and further legal and equitable relief as this Court deems just and proper.

DATE:  FEBRUARY 11, 2014          FOLEY & LARDNER LLP
                                              VICTOR A. VILAPLANA
                                              MATTHEW J. RIOPELLE

                                              BY: */s/ VICTOR A. VILAPLANA*
                                                    VICTOR A. VILAPLANA
                                                    ATTORNEYS FOR DEBTOR AND PLAINTIFF
                                                    SR REAL ESTATE HOLDINGS, LLC

4838-4758-4536.1